UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIRA M.Y.D.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-02984-DAD-EFB (HC)<br><br>ORDER (ECF No. 9) AND FINDINGS AND RECOMMENDATIONS (ECF No. 1) |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Pending before the court is petitioner's motion to proceed under pseudonym, ECF No. 9, and the merits of the petition, which is fully briefed. ECF Nos. 1, 7, 8. For the reasons set forth below, the undersigned grants the motion to proceed via pseudonym and recommends the writ be granted.

**BACKGROUND**

**A. Factual Background**

In her verified petition for writ of habeas corpus, petitioner alleges that she is a native of Palestine and former resident of Jordan, who fled to the United States seeking asylum in 2024. ECF No. 1 ¶¶ 15, 25, 27, 28. Upon her entry into the United States, on September 16, 2024, she was detained by Border Patrol and issued an Expedited Removal Order. *Id.* ¶ 28. She expressed fear of returning to Jordan and an asylum officer conducted a credible fear interview, on February 26, 2025. *Id.* ¶ 29. The asylum officer found petitioner to have a credible fear of returning to

Jordan and vacated the expedited removal order. *Id.* ¶ 30.

During this time, petitioner remained detained. ECF No. 1 ¶¶ 29, 32. On March 4, 2025, petitioner requested a bond hearing, which the Immigration Judge denied for lack of jurisdiction. *Id.* ¶ 41.

Petitioner, through counsel, filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, which was heard by an Immigration Judge on June 2, 2025. ECF No. 1 ¶ 42. At the conclusion of the hearing, the Immigration Judge denied all relief and petitioner, through counsel, waived an appeal; the Immigration Judge then entered a final order of removal. *Id.* ¶ 43. Petitioner subsequently filed an appeal, which the BIA summarily dismissed based on petitioner's waiver, in August 2025. *Id.* ¶ 44. On January 1, 2026, petitioner filed a motion to reopen the removal proceedings, and, on March 11, 2026, the BIA entered an Interim Order granting the motion. *Id.* ¶¶ 45-46.

On March 4, 2026, petitioner again requested a bond hearing and, on March 20, 2026, an Immigration Judge again denied it, finding it lacked jurisdiction. ECF No. 1 ¶ 47. Petitioner remains presently detained. *Id.* ¶¶ 32, 48; *see also* ECF No. 9 at 2.

In their answer, respondents do not contest petitioner's factual representations. *See* ECF No. 7 at 2-3. Respondents further represent that, on February 26, 2025, petitioner was served with a Form I-862, Notice to Appear, charging her as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and § 1182(a)(6)(A)(i). *Id.* at 2 & Ex. 6. Respondents represent that petitioner is currently detained under 8 U.S.C. § 1225(b)(2). *Id.* at 2.

In her traverse, petitioner does not dispute the factual representations made in the answer. *See* ECF No. 8.

**B. Procedural Background**

Petitioner initiated this action, through counsel, on April 20, 2026. ECF No. 1. On May 11, 2026, respondents filed an answer to the petition, ECF No. 7, and petitioner filed a traverse on May 15, 2026. ECF No. 8. On August 6, 2026, petitioner filed a motion to proceed under pseudonym, ECF No. 9, to which respondents filed a statement of non-opposition, on August 11, 2026. ECF No. 12.

## DISCUSSION

### A. Motion to Proceed Via Pseudonym

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000). A party may use a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068. The Court of Appeals has recognized that a party should be allowed to proceed under pseudonym "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution..." *Id*. In determining whether to grant a request to proceed under pseudonym, "a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp*., 214 F.3d at 1068).

Here, respondents do not oppose petitioner's request to proceed via pseudonym and petitioner has demonstrated that it is warranted in this case. *See* ECF Nos. 9, 12. Petitioner has demonstrated that she presently has a request for asylum pending, in which she alleges that her family members have persecuted her with abuse and violence. ECF No. 9 at 3-4; see ECF No. 1 ¶¶ 2, 21-27. In similar cases of asylum seekers, the courts have found petitioner sufficiently demonstrated a risk of retaliatory harm and need to protect petitioner's private information, including her identity. *See, e.g.*, *H.F. v. Noem*, No. 1:26-CV-00820-JLT-CDB (HC), 2026 WL 416923, at *1-2 (E.D. Cal. Feb. 13, 2026); *Doe v. Andrews*, No. 1:25-cv-00333-JLT-HBK (HC),

2025 WL 1531684, at *1 (E.D. Cal. May 28, 2025); *Doe v. Andrews*, No. 1:25-cv-00680-SKO (HC), 2025 WL 1636053, at *1 (E.D. Cal. June 9, 2025). Respondents identify no prejudice to the Government or the public that would be caused by granting the request. *See* ECF No. 12. Accordingly, the undersigned grants petitioner's motion.

**B. Merits of the Petition**

**1. Legal Standard**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *See, e.g.*, *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**2. Petitioner Has Demonstrated Her Entitlement to Relief**

In her petition, petitioner asserts a single claim for relief: that her prolonged, continued detention without a bond hearing violates her rights to due process under the Fifth Amendment. ECF No. 1 ¶¶ 71-80. As relief, she requests the court order that respondents provide her a bond hearing; declaratory relief; and attorneys fees and costs. *Id*. at 17-18. The undersigned finds petitioner has demonstrated her entitlement to habeas corpus relief, recommends the writ be granted, and recommends respondents be ordered to provide petitioner a bond hearing.

The parties agree that petitioner's current detention is pursuant to 8 U.S.C. § 1225(b). ECF No. 1 ¶ 49; ECF No. 7 at 3. Section 1225(b) of the Immigration and Nationality Act mandates detention for some noncitizens for whom a final order of removal has not been entered. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), § 1225(b)(2)(A). In contrast, 8 U.S.C. § 1231(a) governs the Attorney General's detention authority after a removal order becomes final. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 533-34 (2021). Here, a final removal order was entered against petitioner in June 2025, and the BIA summarily dismissed petitioner's appeal in August 2025. *See* ECF No. 1 ¶¶ 42-44. Petitioner subsequently filed a motion to reopen in the BIA and, on March 11, 2026, the BIA issued an interim order granting petitioner's motion to reopen removal

proceedings and reinstating her appeal. ECF No. 7, Ex. 10. By virtue of that order by the BIA, the statutory authority for petitioner's detention reverted back to § 1225(b) from § 1231(a). *See Romero v. Hyde*, 795 F. Supp. 3d 271, 281 (D. Mass. 2025) (recognizing that, upon being ordered removed, ICE's authority to detain petitioner shifted from Section 1226 to Section 1231(a) but then, upon the reopening of petitioner's removal proceedings, that detention authority "shifted back" to § 1226); *Alvarenga Matute v. Wofford*, No. 1:25-CV-01206-KES-SKO (HC), 2025 WL 2996577, at *4 (E.D. Cal. Oct. 24, 2025) (same).

The Supreme Court has recognized that a noncitizen held under § 1231(a) has a due process interest in being free from prolonged detention. *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Supreme Court has not held, however, that the same due process interests are implicated by a detention under § 1225(b). *See Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025). Nonetheless, the Court of Appeals has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional," *Rodriguez*, 909 F.3d at 256, and courts in this Circuit have held that a noncitizen's prolonged detention under 8 U.S.C. § 1225(b) may violate his right to due process. *See, e.g.*, *Khaco v. Warden*, No. 1:25-CV-1659 CSK P, 2026 WL 295551, at *4 (E.D. Cal. Feb. 4, 2026); *Arshakyam v. Warden of California City Det.*, No. 1:25-CV-01780-DAD-AC (HC), 2026 WL 143143, at *3-4 (E.D. Cal. Jan. 20, 2026); *Tigranyan v. Warden of Cal. City Detention*, No. 1:25-cv-01554-DJC-SCR, 2026 WL 91765, at *5-7 (E.D. Cal. Jan. 13, 2026); *Sufiiarov v. Warden, Otay Mesa Det. Ctr.*, No. 25-cv-03265-LL-DDL, 2026 WL 26079, at *3 (S.D. Cal. Jan. 5, 2026); *Maksim v. Annex*, No. 1:25-cv-00955-SKO (HC), 2025 WL 2879328, at *4 (E.D. Cal. Oct. 9, 2025); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025). In reaching this conclusion, many courts have relied on the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Arshakyam*, 2026 WL 143143, at *3-4; *Maksim*, 2025 WL 2879328, at *4; *Tigranyan*, 2026 WL 91765, at *5-7. This approach accords with the Court of Appeals' recognition that the *Mathews* test is an appropriate mechanism to determine whether a noncitizen's detention violates his rights

under the due process clause. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (collecting cases). Under *Mathews*, in evaluating a due process claim, the court should consider the private interest that will be affected by the official action, the risk of an erroneous deprivation of such interest through the Government's procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

As to the first *Mathews* factor, "the Court evaluates Petitioner's private interest in being free from detention against the government's stated interests in protecting the public from a risk of danger and any risk of flight to avoid removal." *Maksim*, 2025 WL 2879328, at *4. Here, petitioner has been detained for over twenty-two months. This greatly exceeds the length of detention that courts have found to be "prolonged" for the purposes of a due process analysis. *See, e.g.*, *Arshakyam*, 2026 WL 143143, at *3 (finding 14 months of detention to be "prolonged"); *Khaco*, 2026 WL 295551, at *5 (15 months); *Maksim*, 2025 WL 2879328, at *4 (11 months); *Tigranyan*, 2026 WL 91765, at *5 (15 months). This also greatly exceeds the six-month period the Court in *Zadvydas* held was presumptively reasonable, in the context of § 1231(a) detention. *See Zadvydas*, 533 U.S. at 701. Petitioner has a substantial private interest in her "freedom from prolonged detention." *See Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011).

In considering this factor, however, the court must also consider any actions taken by petitioner that contributed toward the length of their prolonged detention. *Rodriguez Diaz*, 53 F.4th at 1207-08; *Khaco*, 2026 WL 295551, at *5; *Arshakyam*, 2026 WL 143143, at *3. Here, some of the delay petitioner has experienced has resulted from petitioner's own actions. Petitioner applied for asylum and withholding of removal, then appealed the removal order to the BIA despite having waived her right to appeal. These acts contributed to the length of petitioner's immigration proceedings. *See, e.g.*, *Arshakyam*, 2026 WL 143143, at *3. Nevertheless, some of the delay is attributable to respondents' inaction. Notably, for the several-month period after petitioner's removal order was entered and before petitioner moved to reopen

removal proceedings, there is no indication in the record that respondents took any action to remove petitioner. *See generally* ECF No. 7. In sum, petitioner's actions did not substantially diminish her significant interest in being free from detention. *See id.*; *Maksim*, 2025 WL 2879328, at *4.

Under the second *Mathews* factor, the court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. Here, the risk of erroneous deprivation is high, as she has not received an individualized custody determination in the twenty-two months she has been detained. *See Khaco*, 2026 WL 295551, at *6; *Arshakyam*, 2026 WL 143143, at *3-4; *Maksim*, 2025 WL 2879328, at *5; *Tigranyan*, 2026 WL 91765, at *5; *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). This factor, therefore, weighs in petitioner's favor. *See Arshakyam*, 2026 WL 143143, at *3-4; *Tigranyan*, 2026 WL 91765, at *7; *Manukyan*, 2026 WL 84079, at *5.

Under the third *Mathews* factor, the court considers "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. The government undoubtedly has a substantial interest in effectuating removal. *Demore v. Kim* 538 U.S. 510, 531 (2003). However, "'[t]he government interest at stake here is not the continued detention of Petitioner, but the government's ability to detain [her] without a bond hearing.'" *Arshakyam*, 2026 WL 143143, at *3-4 (quoting *Zagal-Alcaraz v. ICE Field Off.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020), *report and recommendation adopted sub nom. Zagal-Alcaraz v. ICE Field Off. Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1855189 (D. Or. Apr. 13, 2020)). The Government's interest in removing petitioner is not harmed by providing petitioner a bond hearing, where an individualized determination of her bond-worthiness can be made. *Arshakyam*, 2026 WL 143143, at *3-4; *Tigranyan*, 2026 WL 91765, at *5; *Maksim*, 2025 WL 2879328, at *5. "[T]he minimal cost of conducting a bond hearing, and the ability of the [immigration judge] to adjudicate the ultimate legal issue as to whether Petitioner's continued detention is justified," leads to a conclusion that "the government's interest is not as weighty as

Petitioner's." *Arshakyam*, 2026 WL 143143, at *4 (quoting *Zagal-Alcaraz*, 2020 WL 1862254, at *7)). This factor, therefore, also weighs in favor of the provision of a bond hearing to petitioner.

Accordingly, the undersigned concludes that petitioner has shown that her procedural due process rights are violated by her continued detention without a bond hearing. The undersigned recommends the writ be granted and respondents be ordered to provide petitioner a bond hearing. *See* ECF No. 1 at 17-18; *see also Fernandes v. Warden*, No. 2:26-CV-00430-DAD-EFB (HC), 2026 WL 1088901, at *1 (E.D. Cal. Apr. 22, 2026).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's Motion to Proceed Under Pseudonym (ECF No. 9) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
   a. Within 7 days of the date of the District Court's Order adopting the Findings and Recommendations, respondents be ORDERED to provide petitioner with a bond hearing before an immigration judge where respondents shall bear the burden of establishing that petitioner presents a danger to the community or flight risk justifying petitioner's continued detention.
2) Petitioner's request for attorney fees and costs be denied without prejudice to bringing a properly noticed and supported motion;
3) The Clerk of Court be directed to serve the District Court's order on the California City Detention Facility; and
4) Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE